**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____
:
MICHAEL R. D'ALESSANDRO,        :
                                : Civil Action No. 07-2635 (JBS)
          Plaintiff,            :
                                :
     v.                         :     **O P I N I O N**
                                :
ROBERT BILUCK, et al.,          :
                                :
          Defendants.           :
_____:

**APPEARANCES**:

Michael R. D'Alessandro, Pro Se
#202420/SBI # 649815
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**SIMANDLE**, District Judge

    Plaintiff, Michael R. D'Alessandro, seeks to bring this civil rights action in forma pauperis, pursuant to 28 U.S.C. § 1915. For the following reasons, Plaintiff's request to proceed in forma pauperis will be denied.

### BACKGROUND

    Plaintiff seeks to sue Robert Biluck, the manager of the business office at South Woods State Prison, and the Head Clerk of the business office for violations of his constitutional rights, pursuant to 42 U.S.C. § 1983.

    Plaintiff states that he is medically disabled. He notes that he has dental problems, has been seen by a dentist, and has been prescribed and issued antibiotics.

Plaintiff states that he earns wages in a prison job. Prior to February of 2007, Defendants would deduct and debit his prison account for medical, pharmacy, and legal costs, but would leave a $15.00 balance every month for discretionary spending (less a 10% surcharge). However, since February of 2007, Defendants began taking all of his earnings, he "assumes" to pay for his costs. This leaves him no discretionary funds. Plaintiff has submitted grievance forms which have been rejected. Thus, since February of 2007, Defendants have been "zeroing out" his prison account, so that he is prevented from purchasing a toothbrush, toothpaste, soap, razors, and disposable eating supplies and utensils from the commissary. Plaintiff states that this "zeroing out" of his account violates state law.[1]

Plaintiff states that "without intervention by the Court, [he] will continue to suffer aggrevation [sic] of, and deliberate indifference to, [his] preexisting serious medical conditions; basic human neccessities [sic]; imminent danger from oral, gum, tooth infections and its consequences; by said deliberate, wicked, cruel acts and/or ommissions [sic] of the defendant."

---

[1] For example, Plaintiff cites N.J.A.C. § 10A:2-2.2(h), which states: "Only nonindigent inmate funds in excess of the one time monthly amount of $15.00 can be deducted by the Business Manager . . . ." Plaintiff also cites N.J.S.A. 30:4-92 and N.J.A.C. § 10A:14-2.3(a).

1.

**DISCUSSION**

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)).  While incarcerated, Plaintiff has had at least three prior civil actions or appeals dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted.  See, e.g., D'Alessandro v. Dean, Civ. No. 94-3979 (GEB) (dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim); D'Alessandro v. New Jersey Department of Corrections, Civ. No. 94-5604 (AET) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)); D'Alessandro v. County of Union, Civ. No. 95-6242 (NHP) (same).

In this case, Plaintiff attempts to argue that he should be granted in forma pauperis status, despite his prior "three strikes," because he is in imminent danger of serious physical injury. The Court fails to see how being deprived of commissary items described by Plaintiff would put him in "imminent danger." However, "under our liberal pleading rules, construing all allegations in favor of the complainant and crediting those allegations of 'imminent danger'" Gibbs v. Cross, 160 F.3d 962, 966 (3d Cir. 1998)(citing Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)), Plaintiff may be asserting that his inability to buy toothpaste and a toothbrush from the commissary will cause him further dental damage, and, in turn, he will be seriously injured.

This Court finds that Plaintiff has not demonstrated "imminent danger of serious physical injury." Plaintiff's complaint does not allege that he has been denied medical care, medication, or dental treatment for his oral issues. Nor has he alleged that toothpaste and a toothbrush would treat his ongoing problems. While toothpaste and a toothbrush may have some sort of preventative effect on Plaintiff's oral hygiene, Plaintiff fails to allege facts demonstrating how failure to purchase the items needed to brush his teeth will result in imminent danger.

This Court makes no findings as to whether or not Defendants have violated state law, or otherwise violated Plaintiff's constitutional rights by depleting his prison account. However,

this Court finds that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of § 1915(g).

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g). As set forth in the accompanying Order, Plaintiff's case will be administratively terminated. Upon submission of the filing fee within 30 days, Plaintiff may move to reopen his case.

                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge

Dated: **June 14, 2007**